UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-cr-147 (DLF) |
| : | |
| JAMAL PAYNE, : | |
| : | |
| Defendant. : | |

**MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. For the reasons herein, the United States requests that the Court sentence Defendant Jamal Payne (hereinafter, "the Defendant") to 63 months of incarceration, followed by a period of 60 months of Supervised Released. The Government is also seeking forfeiture of the firearm and ammunition seized from the Defendant on January 8, 2025, as specified in the Forfeiture Allegation in the Indictment.[1]

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On Wednesday, January 8, 2025, Metropolitan Police Department (MPD) officers responded to Washington Hospital Center, located at 110 Irving Street, NW, Washington, D.C., following a report that a firearm was found in a patient's—the Defendant's—belongings. A search of the Defendant's backpack revealed the following handgun:

---

[1] A draft forfeiture order is attached to this memorandum.

1



The firearm was a 9mm Springfield Armory XD-9 handgun with serial number BY245252. The firearm was loaded with 16 rounds of 9mm ammunition, and the magazine had a 16-round capacity. Law enforcement tried to test fire the firearm; however, a malfunction occurred and it could not be fired until it was cleaned.

A further search of the backpack revealed narcotics, including a small clear vial, about half full of amber colored liquid that appeared to contain tobacco flakes:



The liquid in this vial was later determined to be PCP.

On August 6, 2025, the Defendant was transported to the USMS cellblock for his Presentence Report interview. At the cellblock, USMS found a knife and a white powder substance (though drug testing remains pending).

## II. DISCUSSION AND APPLICATION OF U.S. SENTENCING GUIDELINES AND 3553(a) FACTORS

### A. Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). See *United States v. Gall*, 128 S. Ct. 586, 596 (2007). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>
>>> (i) issued by the Sentencing Commission ...; and

3

      (ii) that, . . . are in effect on the date the defendant is sentenced; ...

  (5) any pertinent policy statement –

    (A) issued by the Sentencing Commission ... and

    (B) that, . . . is in effect on the date the defendant is sentenced.

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

**B. Guidelines Calculations**

The PSR calculates the Defendant's Total Offense Level as 20 and Criminal History Category as IV, with a resulting range of 51-63 months.

**C. Sentencing Recommendation**

The Government recommends that the Court sentence the Defendant to 63 months of incarceration given the nature and seriousness of his offense; his history and characteristics; and the need for the sentence imposed to satisfy the statutory requirements set forth in 18 U.S.C. § 3553(a)(2)(A)-(D).

    **1. Nature and Seriousness of the Offense**

The Defendant's conduct is extremely serious. The Defendant possessed a firearm in his backpack, which he then took into a hospital. Even "mere" possession of a firearm is dangerous. *Compare United States v. Blackson*, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) (noting, in the context of an individual who was found with a firearm on his person, that "illegally possessing a fully loaded concealed firearm with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community"). As the Court is well aware, our community has recently faced staggering levels of gun violence. D.C. saw 274

4

homicides in 2023, the highest in more than two decades. *See* MPD, *District Crime Data at a Glance*. About 84 percent of the 203 homicides in 2022 involved the use of a firearm. See MPD, *Annual Report* 2022, 17. This factor weighs in favor of the Government's requested sentence.

### 2.    History and Characteristics

This is, unfortunately, far from the Defendant's first encounter with the criminal justice system. Most significantly, the Defendant was convicted in 2016 of robbery in D.C. Superior Court (case 2015-CF3-9155). According to the Proffer of Facts filed in connection with this plea, in 2015, the Defendant, who was in a wheelchair, "lured" a woman into an alley and was "with her for several minutes" when his co-defendant came up to her from behind, "held a gun to her face[,] and pulled her hair." Her purse and cellphone were taken. The Defendant also stated that the victim had money in her shoes, and she was told to hand it over. The assailants fled, dropping her purse, and were chased by the victim. They were subsequently arrested.

Then, while he was on Supervised Release following his robbery conviction, he was arrested in December 2020 for Unlawful Possession of a Firearm and Ammunition by a Prohibited Person (D.C. District Court case 21-cr-9). He pled guilty in that case too. According to the Statement of Offense, on December 21, 2020, an MPD crime camera captured a person in a "black winter coat with brown fur, a black skull cap, dark pants, and white shoes operate[ ] a black in color motorized wheel chair with large metallic wheels and a small headrest" and discharge a firearm. On December 31, 2020, the Defendant was stopped two blocks away from where the shooting occurred in a "black motorized wheelchair with large metallic wheels and a small headrest" while wearing "a black winter coat with a brown fur hood and a black skull cap." He was found to be in possession of a loaded firearm.[2]

---

[2] After his arrest, an individual who knew the Defendant was shown a photograph—presumably from the crime camera—and said the person depicted appeared to be the Defendant, but the individual was not sure. The individual

5

Of course, the Defendant has unique medical issues, which the Government has taken into account in fashioning its requested sentence. But despite these issues, the Defendant was involved in an armed robbery. While on supervision for that, he possessed a firearm (and likely fired it). Now, while on supervision for his prior unlawful gun possession—and specifically, while on home confinement in that case, *see* Pretrial Services Report, at 3, he again possessed a firearm. Then, he possessed a large knife in a courthouse while in custody for the instant case. Given all of this, a Guideline sentence is warranted.

### 3. The Need for the Sentence Imposed

The Government believes that its sentence will best effectuate the purposes of sentencing as set forth in § 3553(a)(2)(A) to (D)—that is, for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and afford adequate deterrence of criminal conduct.

As noted above, the offense is extremely serious and demands a significant punishment.

The need to promote respect for the law and considerations of deterrence, also weigh in favor of the Government's requested sentence. The sentence imposed on the Defendant must communicate a message that this conduct is unacceptable and can carry a significant sentence in federal prison.

### III. CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court impose a sentence of 63 months and order the forfeiture of the firearm and ammunition as specified in the Forfeiture Allegation in the Indictment.

Respectfully submitted,

---

also stated that he/she did not believe the Defendant was strong enough to fire a weapon. A NIBIN lead linked the casings from the shooting to the gun the Defendant possessed, but further ballistic analysis would be needed to confirm a match.

                      JEANINE FERRIS PIRRO
                      UNITED STATES ATTORNEY

By:    */s/ Solomon S. Eppel*
        SOLOMON S. EPPEL
        Assistant United States Attorney
        D.C. Bar No. 1046323
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530